O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| L.A. PRINTEX INDUSTRIES, INC., a California corporation, | ) ) ) | Case No. CV 15-02343 DDP (FFMx) |
| | ) ) | **ORDER GRANTING DEFENDANTS' MOTION TO STAY** |
| Plaintiff, | ) ) | [Dkt. No. 15] |
| v. | ) ) | |
| ROYAL PRINTEX, INC., a California corporation; GIL LAND, a California corporation; and Does 1-10, inclusive, | ) ) ) ) ) ) | |
| Defendants. | ) ) | |
| _____ | ) | |

Presently before the Court is Defendant's motion for a stay of proceedings.  Having considered the submissions of the parties and heard oral argument, the Court grants the motion and adopts the following Order.

**I.    BACKGROUND**

Plaintiff L.A. Printex ("LAP") owns a copyright on a piece of two-dimensional artwork known as Design No. E50218 ("Subject Design").  (Compl. ¶ 9.)  In 2010, Plaintiff provided Defendant

///

Royal Printex, Inc. ("Royal") with its artwork and ordered textile printing services. (Compl. ¶ 11.)

On February 4, 2015, Royal filed a state court action against LAP for breach of contract, declaratory judgment, fraud, and negligent misrepresentation.[1] (Req. Judicial Notice, Ex. A.) Royal alleged LAP failed to pay its printing invoices. (Id. ¶ 12.) Royal alleged that in November 2010, the parties entered into an oral agreement for a non-exclusive copyright license agreement to help pay the debt. (Id. ¶ 14.) Royal alleged that the terms of the agreement were as follows:

    A.    LAP would provide Royal with the computer aided design ("CAD") files for all of LAP's copyrighted designs;

    B.    LAP would receive $0.10 per yard of LAP's designs printed by Royal, as a royalty, which was first applied toward LAP's unpaid balance; and

    C.    [O]nce the balance was paid off, Royal would continue to use the LAP designs at the royalty rate of $0.10 per yard and issue payment to LAP in accordance therewith.

(Id. ¶ 15.) Royal further alleged that on February 7, 2014, LAP repudiated the agreement and denied its existence. (Id. ¶ 21-23.)

On March 30, 2015, LAP filed this action for copyright infringement and vicarious and/or contributory copyright infringement by Defendants. (Compl. ¶¶ 19-21, 26-27.) LAP alleges that Royal sold fabric bearing the Subject Design without LAP's authorization. (Compl. ¶¶ 16, 20.) LAP alleges that the Doe Defendants are manufacturers or vendors of garments bearing Plaintiff's copyrighted images. (Compl. ¶ 7.) LAP alleges that Defendant Gil Land purchased fabric bearing the Subject Design from

---

[1] LAP removed the action to federal court on March 19, 2015 (No. 15-CV-02075-SVW-E), but the case was subsequently remanded for lack of subject matter jurisdiction on July 24, 2015. (Req. Judicial Notice, Ex. C; Second Req. Judicial Notice, Ex. 1.)

1  Royal and resold it to third parties, possibly with slight

2  modifications. (Compl. ¶ 17.)

3      Defendants Royal and Land now move to stay this action pending

4  a resolution of the state court action. (Dkt. No. 15.)

5  **II.  DISCUSSION**

6      In the interests of efficiency and fairness, a court may enter

7  a stay of action "pending resolution of independent proceedings

8  which bear upon the case." <u>Leyva v. Certified Grocers of Cal.,</u>

9  <u>Ltd.</u>, 593 F.2d 857, 864 (9th Cir. 1979); <u>see also</u> <u>Landis v. N. Am.</u>

10 <u>Co.</u>, 299 U.S. 248, 254 (1936) ("[T]he power to stay proceedings is

11 incidental to the power inherent in every court to control the

12 disposition of the causes on its docket with economy of time and

13 effort for itself, for counsel, and for litigants.").  The court

14 must weigh competing interests, including "the possible damage

15 which may result from the granting of a stay, the hardship or

16 inequity which a party may suffer in being required to go forward,

17 and the orderly course of justice measured in terms of the

18 simplifying or complicating of issues, proof, and questions of law

19 which could be expected to result from a stay." <u>CMAX, Inc. v.</u>

20 <u>Hall</u>, 300 F.2d 265, 268 (9th Cir. 1962).

21     Any copyright infringement claims in this action are dependent

22 upon the absence of the license alleged in the state court action.

23 If there is in fact a valid licensing agreement between Royal and

24 LAP, then Royal would likely not be liable for copyright

25 infringement, nor would Land be liable for vicarious copyright

26 infringement.  If, however, there is no valid agreement or license,

27 then LAP's infringement claims may have merit.  Thus, the

28 resolution of the state court action will heavily impact, if not

3

determine, this outcome of this action.  A stay, therefore, would serve judicial efficiency and conserve the resources of the litigants with little to no damage to either party.

**III. CONCLUSION**

Accordingly, Defendants' Motion to Stay is GRANTED.

IT IS SO ORDERED.

Dated: September 8, 2015

DEAN D. PREGERSON
United States District Judge

4